# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CORENO,<br>CDCR #T-86813,<br><br>  Plaintiff,<br><br>vs.<br><br>MARC ARMSTRONG, et al.,<br><br>  Defendants. | Civil No.  09-2504 LAB (POR)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3];**<br><br>**(2)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $33.14 INITIAL PARTIAL FILING FEE, GARNISHING BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(3)  DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

  Plaintiff, a state inmate currently incarcerated at Salinas Valley State Prison located in in Soledad, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a);

/ / /

instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a "Request for Appointment of Counsel" [Doc. No. 3].

I.     **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and has further provided a certified copy of his trust account statement as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows an average monthly balance of $165.71 and average monthly deposits of $72.49. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $33.14 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the CDCR, or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

/ / /

**II.   MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]**

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**III.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28

U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### A.  42 U.S.C. § 1983

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

### B.  Eighth Amendment Medical Care Claims

Plaintiff alleges that, while he was housed at the Richard J. Donovan Correctional Facility ("Donovan") on February 18, 2007, several unnamed correctional officers, as well as Dr. Armstrong, Dr. Hunt and Nurse Hillis, were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Plaintiff claims that while he was housed in Administrative Segregation at Donovan on February 18, 2007, his back "went completely out and [he] was unable to walk, sit up or stand up and was in excruciating pain." (Compl. at 9.) He then claims that several unidentified correctional officers placed him in handcuffs, put him on a gurney and "dragged Plaintiff on the ground all the way across the building and outside to the white van." (*Id.*) Plaintiff was then

1 | transported to the Correctional Treatment Center ("CTC"). (*Id.* at 9-10.) Plaintiff was seen by
2 | Defendant Hilis who alleged told Plaintiff that he was "fine" and refused to give him any pain
3 | medication. (*Id.* at 14). Plaintiff alleges that Defendant Hilis consulted with Dr. Hunt who told
4 | Hilis to give Plaintiff pain medication but Hunt did not order any further tests. (*Id.*) Plaintiff
5 | was transported back to his cell where he "continued to yell for medical attention." (*Id.* at 15.)
6 | Unidentified correctional officers again allegedly handcuffed Plaintiff, dragged him on a gurney
7 | and transported him back to the CTC. (*Id.*)

8 | From February 21, 2007 to March 22, 2007, Plaintiff was seen and examined regularly
9 | by Dr. Armstrong. (*Id.* at 19.) Defendant Armstrong ordered an MRI for Plaintiff and told
10 | Plaintiff that the results were "normal." (*Id.*) After residing in the CTC for approximately a
11 | month, Plaintiff was released by Dr. Armstrong who gave him a walker for mobility. (*Id.*)
12 | Plaintiff was later transferred to Salinas Valley State Prison where prison doctors recommended
13 | that Plaintiff needed to have back surgery. (*Id.*)

14 | While Plaintiff may have stated facts sufficient to state an Eighth Amendment claim
15 | against some of the John Doe Defendants, he fails to identify them with any particularity. As
16 | a general rule, the use of "doe" pleading to identify unknown defendants is disfavored. *See*
17 | *Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980). Thus, if Plaintiff amends his
18 | Complaint, he must include facts to more specifically identify these Defendants.

19 | As for the remaining Defendants, Armstrong, Hunt and Hilis, Plaintiff has failed to state
20 | an Eighth Amendment inadequate medical care claim. In order to assert a claim for inadequate
21 | medical care, Plaintiff must allege facts which are sufficient to show that each person sued was
22 | "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32
23 | (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore
24 | or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06. Thus, to state
25 | a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical
26 | need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly
27 | affects his daily activities, or one which is chronic and accompanied by substantial pain, *see*
28 | *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and

"sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In other words, Plaintiff must plead facts that show that Defendants knew of his "serious" need for medical attention and that each one nevertheless disregarded his need despite the excessive risk posed to his health. *See Farmer*, 511 U.S. at 837.

The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Moreover, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Here, Plaintiff disagrees with the medical treatment provided by Defendants Armstrong, Hunt and Hilis and these claims are insufficient to adequately state an Eighth Amendment deliberate indifference to serious medical need claim.

Thus, Plaintiff's Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).

## IV. CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request for Appointment of Counsel [Doc. No. 3] is **DENIED**.

2. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

3. The Secretary of the CDCR, or his designee, is ordered to collect the $33.14 initial partial filing fee assessed by this Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the

1  Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C.
2  § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT
3  NAME AND NUMBER ASSIGNED TO THIS ACTION.
4       5.     The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
5  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
6  Sacramento, California 95814.
7       **IT IS FURTHER ORDERED** that:
8       6.     Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
9  upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).
10 However, Plaintiff is further **GRANTED** sixty (60) days leave from the date this Order is filed
11 in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
12 above. Plaintiff's Amended Complaint must be complete in itself without reference to his
13 previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
14 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
15 567 (9th Cir. 1987).
16      Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended
17 Complaint still fails to state a claim upon which relief may be granted, the dismissal of this
18 action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See*
19 *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

21 DATED: November 18, 2009

22                        *Larry A. Burns*
23                   **HONORABLE LARRY ALAN BURNS**
                    United States District Judge