1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10   JOSEPH CORENO,                          Civil No.    09-cv-2504-LAB (POR)
     CDCR #T-86813,
11
                                    Plaintiff,   **ORDER DENYING PLAINTIFF'S**
12                                               **MOTION FOR APPOINTMENT OF**
                         v.                      **COUNSEL**
13
     R. HILIS, et al.,
14                                               **[Doc. 8]**
                                   Defendants.
15

16          Plaintiff, proceeding *pro se* and *in forma pauperis* with a civil rights Complaint filed

17   pursuant to 42 U.S.C. § 1983, and currently incarcerated at Kern Valley State Prison, has submitted

18   a motion for the appointment of counsel.  [Doc. 8.]  Specifically, Plaintiff states that (1) he has made

19   several attempts to retain an attorney, but to no avail; (2) he is unfamiliar with the practice of law;

20   (3) he suffers from chronic neck and back pain; and (4) his access to the prison's law library is

21   limited to approximately one visit per month.

22          "[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust

23   Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do

24   not have the authority "to make coercive appointments of counsel."  Mallard v. United States Dist.

25   Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d

26   564, 569 (9th Cir. 1995).

27          Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"

28   that an attorney represent indigent civil litigants upon a showing of exceptional circumstances.  See

                                              - 1 -                          09-cv-2504-LAB (POR)

1  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823

2  (9th Cir. 1989).  "A finding of exceptional circumstances requires an evaluation of both the

3  'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in

4  light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both

5  must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d

6  1328, 1331 (9th Cir. 1986)).

7        On November 18, 2009, the Court dismissed Plaintiff's original Complaint and denied

8  Plaintiff's motion for appointment of counsel, but granted leave to amend the Complaint.  [Doc. 4]

9  On January 7, 2010, Plaintiff filed a First Amended Complaint [Doc. 5].  The Court dismissed

10  Defendants Armstrong and Hunt from the case, but the First Amended Complaint survived the initial

11  screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as to the remaining Defendants.

12  [Doc. 6.]  On January 28, 2010, the Court ordered the U.S. Marshal to effect service upon the

13  Defendants.  Id.  Recently, Plaintiff filed a Second Amended Complaint to correct the identification

14  of two defendants, and the Court ordered service of the new Complaint.  [Docs. 16, 17.]  At present,

15  the Court has not received notice of service effected upon any Defendant.

16        The Court finds that the appointment of counsel is not appropriate at this time.  First,

17  Plaintiff has not shown how his alleged medical condition prevents him from sufficiently

18  prosecuting his lawsuit.  Rather, Plaintiff's Second Amended Complaint contains detailed factual

19  allegations, enumerates specific causes of action, and demonstrates that Plaintiff has a good grasp of

20  his case.  Second, unfamiliarity with the law, on its own, does not rise to an "exceptional

21  circumstance."  Finally, there are currently no substantive motions pending, and thus, a

22  determination of the complexity of the legal issues would be premature.

23        In light of the foregoing, the Court **DENIES** without prejudice Plaintiff's Motion for

24  Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1).  **IT IS SO ORDERED.**

25  DATED:  May 19, 2010

26

27                             LOUISA S PORTER
                           United States Magistrate Judge

28  cc:        The Honorable Larry A. Burns
             All parties