# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CORENO,<br><br>    Plaintiff,<br>vs.<br><br>MARC ARMSTRONG, et al.,<br><br>    Defendant. | CASE NO. 09cv2504-LAB (POR)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Defendant George Neotti filed a motion to dismiss on December 15, 2010 that was referred to Magistrate Judge Porter for a Report and Recommendation. Neotti argues that Coreno failed to exhaust his administrative remedies, and that he simply fails to state a claim under the First, Eighth, or Fourteenth Amendments. Coreno did not oppose the motion, and on July 29, 2011 Judge Porter issued her R&R, which Coreno also failed to oppose.

## I.     Legal Standards

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*,

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Coreno is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Among those rules is that the failure to oppose a motion (or the R&R recommending that the motion be granted) may be construed as consent to granting the motion.

**II.    Conclusion**

The Court has reviewed the R&R and finds that it thoroughly and commendably covers the issues presented. It is hereby **ADOPTED**:

The motion to dismiss for failure to exhaust is **GRANTED**, but with leave to amend.

The motion to dismiss Coreno's First Amendment claim for failure to state a legally cognizable claim is **DENIED**, but the motion to dismiss the claim for failure to exhaust is **GRANTED**, with leave to amend.

The motion to dismiss Coreno's First Amendment access to the courts claim for failure to state a legally cognizable claim is **GRANTED** without prejudice.

Finally, the motion to dismiss Coreno's Fourteenth Amendment claim for failure to state a legally cognizable claim is **GRANTED**, but without prejudice and with leave to amend.

**IT IS SO ORDERED**.

DATED: September 29, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge